UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEAL A. LABOVE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-1405** |
| **CANDY FLEET, LLC, ET AL.** | **SECTION: "I" (4)** |

## ORDER

Before the Court is a **Motion to Strike Plaintiff's Interrogatories, Request for Production, and Request for Admission (R. Doc. 22)** filed by Defendants Candy Fleet, L.L.C. and M/V Candy Land, L.L.C. (collectively "Defendants"), seeking an order from this Court striking Plaintiff's interrogatories, request for product, and request for admission. The motion was heard on the briefs on Wednesday, October 19, 2011. The motion is unopposed**.**

### I.  Factual Background

Plaintiff Neal A. LaBove ("Plaintiff") filed this personal injury lawsuit pursuant to General Maritime Law. (R. Doc. 1, ¶ I.1.) Plaintiff alleges he was employed as a field service technician for third-party Defendant Dynamic Industries, Inc. (R. Doc. 1, ¶ III. 8.) Plaintiff further alleges that he performed oilfield work aboard offshore platforms and rigs operated by Defendant. (R. Doc. 1, ¶ III. 8.)

Plaintiff alleges that he suffered serious and disabling injuries to his shoulders, neck, and back while being transported to his offshore worksite on the *M/V Candy Land*, a vessel owned and

operated by Defendant Candy Land, L.L.C. MV. (R. Doc. 1, ¶ III. 8.) Plaintiff further alleges that while en route, the *M/V Candy Land* ran into bad weather conditions and rough seas, and that as a result of the rough seas and the vessel's rate of speed, he was ejected from his seat, thrown into the air, and back onto his seat and/or the deck. (R. Doc. 1, ¶ III. 8.) As a result, Plaintiff alleges he suffered serious injury to his shoulders, neck, and back. (R. Doc. 1, ¶ III. 8.) Plaintiff further alleges that Defendant Enterprise commanded the *M/V Candy Land* and its passengers depart shore and travel to the offshore worksite despite its knowledge of the bad weather conditions and rough seas. (R. Doc. 1, ¶ III. 8.)

Plaintiff's complaint includes claims for unseaworthiness and negligence, and seeks damages for his physical injuries, mental anguish, medical expenses, and loss of future earning capacity. (R. Doc. 1, ¶¶ III. 8-11.) Plaintiff also seeks damages for loss of earnings in the past, and loss of future earning capacity. (R. Doc. 1, ¶ III. 11.)

As to the instant motion, Defendants seek an order from this Court striking Plaintiff's interrogatories, request for product, and request for admission. Defendants argue that the parties have not held a Federal Rule of Civil Procedure 26(d)(1) conference. Thus, Plaintiff is prohibited from propounding discovery upon Defendants at this stage of the litigation.[1]

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed.R.Civ.P. 26(d)(1). Thus, a party may not seek discovery from any source before the parties have conferred and submitted a discovery plan as

---

[1]The Defendant Enterprise further objects to Plaintiff's discovery requests on the basis that they are ambiguous, overly broad, and unduly burdensome. The Court declines, however, to evaluate any of Defendant Enterprise's objections at this time, as Local Rule 7.5 is dispositive of the instant motion.

required by Rule 26(f), unless the parties agree or the Court orders otherwise. Rule 26(d) is in place so that the parties confer with one another to implement a reasonable program or plan for discovery without the initial assistance of the court. See Comment to Fed. R. Civ. P. 26(f).

### III.   Analysis

Defendants argue that Plaintiff's discovery requests should be stricken because the parties have not yet conducted a discovery conference pursuant to Rule 26(f). Thus, Plaintiff's discovery requests are premature.

Under Local Rule 7.5, any memorandum in opposition to a motion must be filed eight (8) days before the noticed submission date. Here, Plaintiff did not file a memorandum in opposition, nor did he request an extension of time within which to oppose the motion. Because Plaintiff has failed to present any evidence that a Rule 26(f) conference has taken place, the Court concludes that Plaintiffs' discovery requests were propounded prematurely. *Garcia v. Shell Oil Co.*, No. H-08-1734, 2008 U.S. Dist. LEXIS 84268, at *7 (S.D. Tex. Sept. 22, 2008).

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that **Defendant Enterprise Products Partners, L.P.'s Motion to Strike Plaintiff's Interrogatories, Request for Production, and Request for Admission (R. Doc. 21)** is **GRANTED AS UNOPPOSED**.

New Orleans, Louisiana, this 21th day of November 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**